**In re WAYNE'S SPORT HAUS, LTD., a Michigan Corporation, Debtor.**

**Bankruptcy No. 81–01081.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Feb. 23, 1983.

I. William Cohen, Hertzberg, Jacob & Weingarten, P.C., Detroit, Mich., for petitioners.

Richard A. Hamilton, Flint, Mich., for debtor.

Carl L. Bekofske, Flint, Mich., trustee.

## MEMORANDUM OPINION AND ORDER

STANLEY B. BERNSTEIN, Bankruptcy Judge.

### Introduction

On July 6, 1981, six creditors (the "Petitioners") jointly filed an involuntary petition against the debtor, Wayne's Sport Haus, Ltd. The debtor had operated a retail sporting goods store. The Order for relief was entered on August 5, 1981. The Petitioners took a Rule 205 examination of the president of the debtor corporation, Irene Mallory, and discovered alleged insider preferences of approximately $20,000. The Petitioners and the president conducted negotiations over an extended period of time and finally settled the preference claim. Under the terms of the settlement, the Petitioners, who held 44% or $63,800 of the total unsecured claims of $146,200, were to be paid by the president and/or her parents the full settlement amount of $7,500 for distribution among the Petitioners on presumably a pro-rata basis, and the case was to be dismissed. The proceeds of liquidation of inventory and equipment less administrative expenses were to be paid to the debtor. On December 2, 1982, the Petitioners and the debtor filed a joint petition for dismissal under 11 U.S.C. § 303(j). Notice of the foregoing settlement was sent to creditors; no objections were filed nor asserted at the hearing on the joint petition. The trustee voiced no objection to the dismissal.

### Issue:

May a Ch. 7 case, originally filed as an involuntary petition and after the order for relief is entered, be dismissed as part of a settlement of insider preferences when the proceeds are to be paid solely to the petitioners after notice to all creditors and no objections are made?

1. 11 U.S.C. § 303(j) provides:
   Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—
   (1) on the motion of a petitioner;
   (2) on consent of all petitioners and the debtors; or
   (3) for want of prosecution.

2. 11 U.S.C. § 305(a) provides in part:

### Discussion:

The Petitioners moved to dismiss this case under 11 U.S.C. § 303(j) and stated that the conditions of that rule were satisfied: the proposed settlement agreement is not collusive, and no creditors have objected to dismissal.[1] However, the legislative history of § 303(j) indicates that this section applies only to dismissal of an involuntary *petition* before an order for relief is entered under 11 U.S.C. § 303(h):

> Under subsection (j), the court may dismiss the petition by consent only after giving notice to all creditors. The purpose of the subsection is to prevent collusive settlements among the debtor and the petitioning creditors while other creditors, that wish to see relief ordered with respect to the debtor but that did not participate in the case, are left without sufficient protection.

House Report No. 95–595, 95th Cong., 1st Sess. 324 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 35 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6280.

Following entry of the order for relief in an involuntary case a motion to dismiss the "case" (as opposed to the "petition") must be brought under 11 U.S.C. § 305(a)(1).[2] For purposes of this motion, the Court will treat the motion as if it had been properly brought under 11 U.S.C. § 305(a)(1).

Because dismissal of a case under 11 U.S.C. § 305(a) is a nonappealable order, 11 U.S.C. § 305(c), the court must exercise great care in reviewing all of the relevant facts when such a motion is pending. As the Court perceptively stated *In the Matter of Luftek,* 6 B.R. 539, 548 (Bkrtcy.E.D.N.Y. 1980):

> To be sure, it could be said that dismissal would be in the interests of creditors and

(a) The court, after notice and a hearing may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

\*   \*   \*   \*   \*   \*

the debtor in many of the proceedings commenced under the Bankruptcy Code; this Court could dispose of much of its calendar if its discretion was unbridled. There is an inherent risk to our system of jurisprudence in any Act of Congress which gives the courts such broad powers to refuse jurisdiction over a case. This risk is compounded by the finality and nonappealability of an order entered under this section. Indeed, by giving an example of a situation in which abstention or dismissal would be appropriate, Congress had indicated that it intended section 305(a) dismissals to be the exception rather than a rule.

See also: *Matter of Win-Sum Sports, Inc.,* 14 B.R. 389, 393 (Bkrtcy.D.Conn.1981); *Matter of Nina Merchandise Corp.,* 5 B.R. 743, 748 (Bkrtcy.S.D.N.Y.1980); *In re New Mexico Properties, Inc.,* 18 B.R. 936, 945 (Bkrtcy.D.N.M.1982).

In this case, the debtor has closed its store before the involuntary petition was filed, and has no plans or ability to reopen. No additional funds can now be realized from the liquidation of tangible assets by the debtor for the benefit of its creditor, for the miscellaneous inventory and equipment have already been sold by the trustee for $1,156. There are no additional tangible assets to administer.

The second factor militating against dismissal in this case lies in the terms of the proposed settlement agreement itself. Under the agreement, the proceeds of settlement assets of this estate were to be paid solely to the six Petitioners whose claims represent 44% in dollar amount of the total unsecured claims against the estate. The holders of the remaining 56% of the unsecured claims were to receive no distribution whatsoever.

The Petitioners allege that the other unsecured creditors may have received voidable preferences and are therefore not entitled to share in the proceeds of settlement. The short answer is that it is the trustee's duty to file objections to claims in the manner provided for under the Code. It is also conceivable that the Petitioners themselves may also have received voidable transfers; a dismissal of the case would preclude a determination of that possibility. If, however, the Petitioners are correct in their allegations that the other creditors do not have allowable claims, and the Petitioners' claims are not subject to the same objections, the Petitioners should receive the full benefits of the settlement.

What is rather suspect, even if not "collusive," in the settlement proposal is the provision for dismissal and return of the net proceeds of liquidation of tangible assets and minor collections of receivables to the debtor. Indeed, the settlement proposal initially assumed a return of inventory and equipment with a value of $7,500; the Petitioners and the debtor may have settled this matter at so leisurely a pace that the trustee sold the tangible assets in the meantime and the settlement was not revised to recognize that fact. Had the assets not been liquidated and the assumption of the inventory value been correct, the settlement would have been "free" for the insiders— the insiders would have liquidated the assets and paid the settlement amount with the liquidation proceeds. As of the date of the hearing, the settlement would be subsidized by transfer of proceeds, less administrative expenses, of about $2,000.

At bottom the Petitioners want to be rewarded for their success in effecting a settlement with an insider of the debtor corporation. The major difficulty with their theory is that the success arises from pressing a claim which arises only under the Bankruptcy Code.[3] True, the Petitioners forced the debtor to walk with them through the door leading to the bankruptcy court; once inside that door, however the Petitioners are limited to equal status with all other creditors of their class. The position of the Petitioners violates the fundamental bankruptcy principle of equality of distribution to creditors of the same class.

---

**3.** See also *In re B.D. International Discount Corp.,* 13 B.R. 635, 639 (Bkrtcy.S.D.N.Y.1981), where the court held that the existence of an allegedly voidable post-petition transfer, among other factors, warranted a denial of a motion for abstention.

**524**

Based upon the foregoing analysis, the motion to dismiss is denied.

IT IS SO ORDERED.