**In re RAJNEESH NEO–SANNYAS INTERNATIONAL COMMUNE, an Oregon cooperative, Debtor.**

**Bankruptcy No. 385–05026.**

United States Bankruptcy Court, D. Oregon.

Feb. 11, 1986.

John S. Ransom, Leon Simpson and John Weil, of Ransom, Blackman & Simpson, Portland, Or., for debtor.

William F. Martson, Steward M. Brown and Scott Seidman, of Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., for petitioning creditor Mann.

Galen Bland, Portland, Or., Timothy Wood, Salem, Or., Elizabeth A. Trainor, Annie T. Buell, The Dalles, Or., Charles O. Porter, Eugene, Or., for objecting creditors.

## MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

On December 5, 1985, Eva-Maria Mann, Wasco County and Anna K. Meyers filed an involuntary Chapter 7 petition against Rajneesh Neo-Sannyas International Commune. On December 10, 1985, Glenda Harvey and Robert Havey joined as petitioning creditors.

On December 23, 1985, Petitioner Mann filed a motion to dismiss the involuntary petition. The motion to dismiss requested court approval of a tentative settlement reached by the alleged Debtor, interim trustees and Ms. Mann and dismissal of the case at such time as the settlement had been fully implemented. Notice of Proposed Dismissal sent to the alleged Debtor's creditors summarized the settlement as follows:

1. Debtor will pay all liquidated claims of trade and other non-related creditors in full;

2. The interim trustees will remain in place and supervise the sale of the debtor's assets until all trade creditors with liquidated claims, other non-related creditors with liquidated claims and Mrs. Mann are paid;

3. Petitioner Mann will be paid $600,-000 when the court approves the release of said funds by the debtor and will be paid the remaining $200,000 of her claim against the debtor on or before January 25, 1986;

4. Petitioner Mann will receive a security interest in various titled vehicles and other assets held free and clear by the debtor;

5. Petitioners Robert and Glenda Harvey will receive collateral as security for their judgments against the debtor;

6. The debtor and certain related party creditors have made adjustments in their relationships as follows: Debtor will sell ranch leasehold improvements to Rajneesh Investment Corporation (RIC) for book value (approximately $4,100,-000). Debtor will then transfer to Rajneesh Financial Services Trust (RFST), in partial satisfaction of its debt to RFST, its accounts receivable due from RIC and Rajneesh Foundation International. The balance of debtor's debt to RFST will be paid upon completion of the sale of assets.

During the course of the hearings on the proposed dismissal, counsel for the petitioning creditor Mann advised the Court that RIC would pay for the leasehold improve-

ments described in paragraph 6 above by issuing a note payable to the alleged debtor secured by a mortgage on the Rajneesh ranch subordinate to existing encumbrances. The note would be payable when RIC sold the ranch. The alleged debtor's transfer of the RIC note to RFST would be with recourse, i.e. if RIC failed to pay RFST, RFST would return the note to the alleged debtor who would once again be obligated to pay the approximately $4.1 million. Counsel further advised the Court that RFST agreed to subordinate its secured claim to all of the alleged-debtor's assets to the extent necessary to implement the settlement.

At a hearing on January 14, 1986, the Court orally declined to approve the settlement and to dismiss the case. This opinion will summarize its reasons for doing so.

Creditor Mann raises several arguments in support of her motion for approval of the settlement agreement and dismissal. First, she argues that the objectors lack standing because they cannot and have not intervened as petitioning creditors. Second, she argues that the objecting claimants either have no provable claim or have engaged in inequitable conduct. Third, she argues that dismissal is in the best interest of all parties. Fourth, she argues that dismissal will not cause prejudice to the objecting creditors.

## LEGAL ANALYSIS

### A. *Objecting Creditors have standing.*

Section 303(j) provides that an involuntary case may be dismissed prior to entry of an order for relief, "only after notice to *all creditors* and a hearing..." (emphasis added).

The Bankruptcy Code defines the term creditor to include, "any entity that has a claim against the debtor" that arose at or prior to the entry of the order for relief. § 101(9). The term "claim" means a right to payment, regardless of whether such right is contingent and disputed. § 101(4)(A). All of the objecting creditors are tort claimants whose claims are dis-

puted and unliquidated, except the State of Oregon ("State"). The claim of the State is liquidated and disputed. Given the broad definition of the term creditor, it is apparent that all of the objecting parties are creditors.

When Congress enacted the Bankruptcy Amendments and Federal Judgeship Act in 1984, it expressly eliminated the ability of a creditor with a claim subject to bona fide dispute to be a petitioning creditor. § 303(b)(1). Congress made no corresponding change in § 303(j) regarding which creditors must receive notice of proposed dismissal. Since notice must be sent to all creditors, Congress must have intended that all creditors have standing to be heard on their objections to dismissal. Thus, Creditor Mann's contention that the objecting creditors lack standing to be heard because they lack liquidated claims and ability to intervene must fail.

Creditor Mann has an additional argument with respect to the State's standing to object. She contends that the State's unwillingness to join as a petitioning creditor or assist her in her attempts to obtain appointment of an interim trustee constitutes inequitable conduct which should deprive the State of standing to raise the objections it has raised to Court approval of the proposed settlement. Since no creditor is obligated to prosecute an involuntary petition, refusal to do so cannot constitute inequitable conduct. Furthermore, Creditor Mann's argument fails to recognize that the State's objection is to Court approval of a settlement, not to dismissal of the case.

### B. *Dismissal of the case is appropriate. Court approval of the proposed settlement is not appropriate.*

The purpose of making notice to all creditors and a hearing prerequisite to dismissal of an involuntary petition, "is to avoid the filing of involuntary cases followed by collusive settlements between the petitioning creditors and the debtor ...". 2 *Collier on Bankruptcy*, Para. 303.37, pg. 303–117. Such collusive settlements are

avoided by permitting creditors who are not being fairly treated to intervene if they are eligible to join as petitioning creditors. In this case, no eligible additional creditors have joined as petitioning creditors. A creditor which is ineligible to join as a petitioning creditor because its claim is contingent or subject to bona fide dispute, should not be permitted to force a creditor to proceed with an involuntary petition. If dismissal would simply restore the parties to their legal remedies under state law, dismissal would be appropriate. See *In re International Airport Inn Partnership*, 517 F.2d 510 (9th Cir.1975).

 Unfortunately, Creditor Mann is unwilling to allow dismissal unless the Court also approves the settlement described above and delays entry of the dismissal order until after the creditors with liquidated claims are paid pursuant to the settlement agreement. The Bankruptcy Court should not approve a settlement unless it is in the "best interests of the estate as a whole." *In re Blue Coal Corp.*, 47 B.R. 758, 762 (Bankr.M.D.Pa.1985). When a settlement involves something other than a cash or promised payment to the estate, as this settlement does, the Court must determine whether similarly situated creditors will be equally treated. Similarly situated creditors are those creditors which would receive the same treatment under the Chapter 7 distribution provisions. The Court cannot approve the proposed settlement in this case because it does not assure equal treatment for the unsecured creditors who would share pro-rata in a Chapter 7.

According to John Mitchell, one of the interim trustees, the alleged debtor's assets have an approximate value of between $3 million and $5 million plus leasehold improvements with a book value of $4,100,-000 and receivables due from Rajneesh Foundation International ("RFI") in the amount of $1.2 million. The following possible claims against the debtor have been asserted by creditors:

| | |
|---|---|
| $ 6,000,000 | – RFST |
| 800,000 | – Petitioner Mann |
| 350,000 | – Trade Payables |
| 230,000 | – Petitioners Harvey |
| 2,300,000 | – Objecting Creditors Represented by Mr. Frederick Smith |
| 625,000 | – Objecting Creditor Winkelman |
| 500,000 | – Objecting Restaurant Creditors |
| 100,000 | – State of Oregon Electrical Board |
| $10,905,000 | |

RFST has a security interest in virtually all of debtor's assets. The security interest was perfected within 90 days of the filing of the involuntary and thus may be avoidable as a preferential transfer if the case remains in bankruptcy.

The proposed settlement will enable a group of unsecured creditors to be paid in full. In a bankruptcy they would share pro-rata with the tort claimants to the extent that the tort claimants are able to prove a claim for compensatory damages. If the case is dismissed as proposed, assets of $2 million to $4 million in value will remain. Those assets will be subject to a $6 million secured claim. If the tort claimants are unable to defeat the secured claim, they may ultimately receive nothing. Even if they are able to avoid the secured claim, there is no assurance that they will be paid in full like petitioner Mann and the trade creditors.

The purpose of the Bankruptcy Code is to facilitate equal treatment to similar creditors. Although the tort claimants have contingent claims, their claims once liquidated will have the same status of those creditors to be paid in full under the settlement. It would be inequitable for this Court to approve a settlement when the settlement will enable one group of creditors to be paid in full when there is no assurance that similarly situated creditors will be paid in full.

For the foregoing reasons, the Court cannot approve the proposed settlement agreement. Since creditor Mann takes the position that approval of the proposed settlement agreement is prerequisite to her re-

quested dismissal, the case will not be dismissed.

This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law, and pursuant to Bankruptcy Rule 9014, which incorporates Bankruptcy Rule 7052, they will not be separately stated.