**In re Herman P. TAUB, Alleged Debtor.**

**Bankruptcy No. 91–53551.**

United States Bankruptcy Court,
D. Connecticut.

Feb. 1, 1993.

Herman P. Taub, pro se.

Sean W. Gilligan, Pepe & Hazard, Hartford, CT, for the petitioning creditors.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS INVOLUNTARY PETITION

ALAN H. W. SHIFF, Bankruptcy Judge.

The alleged debtor, Herman P. Taub, moved for dismissal of this involuntary chapter 7 case and was subsequently joined in his motion by all of the petitioning creditors (the "Petitioners").

## BACKGROUND

On December 24, 1991, the Petitioners commenced an involuntary chapter 7 case against Taub. *See* 11 U.S.C.A. § 303(b)(1) (West Supp.1992). On February 5, 1992, Taub filed a motion to dismiss the case on several grounds, including the claims that the Petitioners' debts were subject to bona fide dispute and arose from a single transaction or occurrence. The Petitioners challenged those claims but did not object to the dismissal of the case.

The sole issue is whether, in view of the Petitioners' consent to the dismissal, notice to all creditors is required before the case may be dismissed. For the reasons that follow, I conclude that it is.

## DISCUSSION

No party in interest opposes the dismissal. Although Taub states that his motion "is not filed with the consent of the petitioners," [1] Taub's Memorandum, March 6, 1992, p. 2, the Petitioners' memorandum confirms that they have "effectively stipulat[ed] to the dismissal" and that they "join

---

**1.** Taub's statement is correct in the sense that the Petitioners dispute the motion's allegations that the petition is defective. The Petitioners have, nevertheless, consented to the dismissal of the case, which makes § 303(j)(2), discussed below, applicable.

in the Debtor's request that the involuntary petition be dismissed," Petitioners' Memorandum, April 16, 1992, pp. 5, 6. Recognizing that this is in substance a stipulated dismissal, the Petitioners urge me to apply § 303(j)(2), which provides:

> Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—
>
> .     .     .     .     .
>
> (2) on consent of all petitioners and the debtor.

Rule 1017(a) Fed.R.Bankr.P., which implements § 303(j), *see* 1983 Advisory Committee Note, provides in relevant part:

> [A] case[2] shall not be dismissed on motion of the petitioner or for want of prosecution or other cause or by consent of the parties prior to a hearing on notice as provided in Rule 2002. For such notice the debtor shall file a list of all creditors with their addresses within the time fixed by the court unless the list was previously filed. . . .

Rule 2002(a)(5) Fed.R.Bankr.P. requires not less than 20 days notice by mail to "all creditors" of the hearing on the dismissal of a case.

■ Both the Petitioners and Taub nevertheless argue that notice to creditors of the dismissal of an involuntary case need not be given where, as here, no order for relief has entered, and no formal notice of the filing of the petition has been given to creditors. As the sole support for this position, both parties cite *Matter of Pickett*, 39 B.R. 1018 (Bankr.N.D.Ga.1984), in which the court granted a motion for dismissal stipulated to by the alleged debtor and the petitioning creditor, where no no-

tice of the petition had been issued to creditors and no order for relief had been entered. The court apparently did not require notice to all creditors, concluding that § 303 required such notice only *after* an order for relief had entered.

The weight of authority suggests that § 303(j) applies to dismissals sought before an order for relief has entered. *See R. Eric Peterson Constr. Co., Inc. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co., Inc.)*, 951 F.2d 1175, 1180 n. 6 (10th Cir.1991); *In re Rajneesh Neo–Sannyas Int'l Commune*, 59 B.R. 49 (Bankr.D.Or. 1986); *In re Wayne's Sport Haus, Ltd.*, 27 B.R. 521 (Bankr.E.D.Mich.1983); *Matter of Oak Winds*, 5 B.R. 69 (Bankr.M.D.Fla. 1980). Rule 1017(a), implementing § 303(j), requires that a list of creditors be filed for notice purposes. This requirement would be unnecessary if Rule 1017(a) and § 303(j) applied only after the entry of an order for relief, because such a list must be filed promptly after entry of the order. Fed. R.Bankr.P. 1007(a)(2) (list of creditors must be filed within 15 days after entry of order for relief, unless a schedule of liabilities has already been filed).

■ The notice requirement of § 303(j) serves at least two purposes. First, it is designed "to prevent collusive settlements among the debtor and the petitioning creditors while other creditors, that wish to see relief ordered with respect to the debtor but that did not participate in the case, are left without sufficient protection." H.R.Rep. No. 595, 95th Cong., 1st Sess. 324 (1977); S.Rep. No. 989, 95th Cong. 2nd Sess. 35 (1978), *reprinted in* U.S.Code Cong. & Admin.News 1978, pp. 5787, 5821, 6280.[3] Second, it protects the rights of

---

**2.** The use of the word "case" in Rule 1017, as opposed to "petition," was not intended to render Rule 1017 inapplicable to a § 303(j) motion to dismiss a case prior to the entry of an order for relief. The 1991 Advisory Committee Note indicates that "petition" was changed to "case" to conform to certain sections of the Code dealing with dismissals of cases. This change is consistent with the use of the word "case" in § 303, which provides that an involuntary *case* is commenced by the filing of a *petition. See, e.g.,* § 303(b) ("[a]n involuntary case against a person is commenced by the filing with the bankruptcy court of a petition . . ."); § 303(c)

("[a]fter the filing of a petition . . . but before the case is dismissed or relief is ordered . . ."). Rule 1017 applies to dismissals "by consent of the parties," mirroring the language of § 303(j)(2).

**3.** In his motion to dismiss, Taub stated that he had not made any "special arrangements" with the Petitioners. This motion was filed before the Petitioners expressed their consent to the dismissal. In addition, § 303(j) makes no exception to the notice requirement, even if the alleged debtor and petitioning creditors certify that they have reached no special settlement.

creditors who may have relied on the petition and affords them the opportunity to intervene. *See* § 303(c); Fed.R.Bankr.P. 1003(b); *Wynne v. Rochelle*, 385 F.2d 789 (5th Cir.1967) (construing former § 59(g) of the Bankruptcy Act). All creditors of the alleged debtor have standing to object to the proposed dismissal; they need not meet the qualifications necessary to initiate or join in an involuntary petition. *In re Broshear*, 122 B.R. 705, 707 (Bankr. S.D.Ohio 1991); *Rajneesh Neo–Sannyas Int'l Commune, supra*, 59 B.R. at 51.

Many contested matters in bankruptcy are dismissed on the stipulation of the litigants. Unfortunately for the parties in this case, the Code does not permit that result in cases commenced by involuntary petitions. In such cases, the fact that petitioning creditors consent to a dismissal raises potential concerns, such as collusive settlements and the possibility that qualified creditors may wish to join the petition.[4]

### ORDER

For the foregoing reasons, the Motion to Dismiss Involuntary Petition is denied, without prejudice, and IT IS SO OR-DERED.

---

**4.** I do not reach the issue of whether notice must be given to all creditors of a dismissal after a petition is successfully controverted in a trial under § 303(h).