**In re George B. WARREN, Jr., Debtor.**

**Bankruptcy No. 94–07049–TOM–7.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

March 29, 1995.

---

**12.** There were no facts which would allow this Court to consider the factors of *In re Kitchens,* 702 F.2d 885 (11th Cir.1983).

Frederick Garfield, Birmingham, AL, for alleged debtor George Warren, Jr.

Timothy Lupinacci, Birmingham, AL, for petitioning creditors.

Lee Benton, Birmingham, AL, for George Warren, Sr.

Anne Stone, Birmingham, AL, for AmSouth Bank of Alabama.

Alton Parker, Birmingham, AL, for Tricare Properties, Inc.

### MEMORANDUM OPINION AND ORDER

TAMARA O. MITCHELL, Chief Judge.

This matter is before the Court on the Joint Motion to Dismiss Involuntary Bankruptcy filed by Kay Savage, Perry Savage, Swaid Swaid, and Mutual Life Insurance Company of New York (Mutual Life) (collectively "Petitioning Creditors"), George B. Warren, Jr., (Warren Jr.) and George B. Warren, Sr., (Warren Sr.). Present at the March 13, 1995, hearing on the matter were Frederick Garfield, attorney for the alleged debtor Warren Jr., Timothy Lupinacci, attorney for Petitioning Creditors, Lee Benton, attorney for Warren Sr., Anne Stone, attorney for AmSouth Bank of Alabama (AmSouth), and Alton Parker, attorney for Tri-

care Properties, Inc. This Court has jurisdiction. 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The Court has considered the pleadings, the arguments of counsel, the testimony and evidence previously presented in the hearing on Warren Jr.'s Motion to Dismiss Involuntary Chapter 7 Petition and the law and finds and concludes as follows.

Petitioning Creditors filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Warren Jr. on November 23, 1994. Warren Jr. responded on December 19, 1994, by filing a motion to dismiss which disputed that Petitioning Creditors held unsecured, nondisputed, noncontingent claims and alleged that the involuntary petition had been filed for an "improper purpose." A hearing on Warren Jr.'s motion to dismiss began on February 1, 1995, and was to resume on February 7, 1995, and to continue February 8, 1995.

During the February 7 hearing, the parties advised the Court that a potential settlement had been reached. However, as a precautionary measure, Warren Jr. continued to present testimony in support of his motion to dismiss. On February 8, 1995, the parties advised the Court that a settlement had, in fact, been reached and that a joint motion to dismiss and to approve the compromise and settlement would be filed. The Joint Motion to Dismiss Involuntary Bankruptcy was filed on February 17, 1995, and outlines the proposed settlement reached by Petitioning Creditors, Warren Jr., and Warren Sr. (Proposed Settlement). The Proposed Settlement is contingent upon the entry of a final order dismissing the involuntary case. Notice of the hearing on the joint motion to dismiss was sent to all creditors Of Warren Jr. On March 10, 1995, AmSouth filed an objection to the joint motion to dismiss alleging that the Proposed Settlement was "collusive" and impermissibly preferred Petitioning Creditors over other similarly situated creditors to the detriment of the bankruptcy estate. There has been no dispute as to AmSouth's standing to object to the joint motion to dismiss.

■ An involuntary case may be dismissed before entry of an order for relief, "only after notice to all creditors and a hearing...." 11 U.S.C. § 303(j). The purpose of this section is "to avoid the filing of involuntary cases followed by collusive settlements between the petitioning creditors and the debtor...." *In re Rajneesh Neo–Sannyas International Commune,* 59 B.R. 49, 51 (Bankr.D.Or.1986) (quoting 2 Collier on Bankruptcy, Para. 303.37, pg. 303–117). The agreement to dismiss the petition is contingent upon the approval of the Proposed Settlement. Paragraph 11 Joint Motion to Dismiss. Should the Court choose to set aside or avoid any part of the Proposed Settlement, the entire agreement, including the agreement to dismiss, would be rendered "null and void" by its terms. Paragraph 18 Joint Motion to Dismiss. Therefore, the Court must examine the Proposed Settlement and determine whether it is in the "best interests of the estate as a whole." *Rajneesh,* 59 B.R. at 52 (quoting *In re Blue Coal Corp.,* 47 B.R. 758, 762 (Bankr.M.D.Pa.1985)).

■ The Proposed Settlement consists of four major components: (1) the agreement to dismiss the involuntary bankruptcy petition; (2) the execution of mutual releases between Warren Jr., Warren Sr., and Petitioning Creditors; (3) the payment of $44,074.10 to Petitioning Creditors from the sale proceeds of certain real property or from "any party" in the event the sale of the property does not close before certain specified deadlines; and, (4) the assignment by Warren Jr. to Petitioning Creditors of any and all claims that he may have in the case styled *In re Tricare Rehabilitation Systems, Inc.,* Bk. 94–01168–RCF–11. When a settlement involves something other than a cash payment or a promised cash payment to the estate, as the Proposed Settlement does, the Court must determine whether similarly situated creditors will be equally treated. *Rajneesh,* 59 B.R. at 52. "Similarly situated creditors" are those which would receive the same treatment under the applicable distribution provisions. *Id.*

■ Petitioning creditor Mutual Life holds a judgment entered on April 22, 1994, against Warren Jr. in the amount of $60,122.12. Al-though unclear from the evidence presently before the Court, it appears that the judgment was recorded and remains unpaid and unsatisfied. Likewise, AmSouth holds a judgment dated March 21, 1994, in the amount of $108,479.53 plus costs against Warren Jr. That judgment too is recorded, unpaid and unsatisfied. There is no evidence before the Court that would indicate a basis for treating AmSouth and Mutual Life differently under the hypothetical Chapter 7 distribution and, thus, Mutual Life and Am-South are "similarly situated creditors."

Under the Proposed Settlement, Mutual Life will receive a percentage of the distribution from the $44,074.10. Mutual Life will also hold an interest in the claims in *In re Tricare Rehabilitation Systems, Inc.,* which Warren Jr. will assign to the Petitioning Creditors. No provision was made in the Proposed Settlement for any payment to Am-South or any other similarly situated creditors which might exist. Therefore, Mutual Life is receiving preferential treatment if it is being paid from assets that would be available for distribution from the estate. The claims in the Tricare Rehabilitation case are clearly estate assets under 11 U.S.C. § 541(a) because they belonged to Warren Jr. at the time the petition for relief was filed.

There is a dispute about whether the moneys received from the sale proceeds of the real estate are "estate assets" or not. Warren Jr. contends that the sale proceeds are due Warren Sr. because he owns the stock in the corporation which is the general partner in the limited partnership which owns the subject real estate. Therefore, Warren Jr. concludes that the sale proceeds are not estate assets because they belong to Warren Sr. not Warren Jr. Petitioning Creditors contend that Warren Jr. transferred his stock in the corporation involved in the transaction to Warren Sr. in violation of the preferential transfer laws of the Bankruptcy Code. If that is true, a trustee in a Chapter 7 case could have the transfer set aside and could recover for the estate a portion of the proceeds of the sale of the real estate. Therefore, the sale proceeds are also potentially assets of the estate. Additionally, the

Proposed Settlement provides that "any party" may pay the $44,074.10 to the Petitioning Creditors. This apparently encompasses the possibility that Warren Jr. could use other estate assets in satisfaction of this debt.

Because the Proposed Settlement does not treat similarly situated creditors equally, the Court cannot approve it and, consequentially, the Joint Motion to Dismiss Involuntary Petition is due to be denied. The denial of the joint motion to dismiss reactivates Warren Jr.'s motion to dismiss. Although Warren Jr. rested at the conclusion of the February 7, 1995, hearing, and Petitioning Creditors chose not to present any direct evidence, the Court is concerned that the conduct of the later stages of the hearing was influenced by the probability of a settlement and feels that, in the interests of justice, all parties should be given the opportunity to reopen the proceedings. For that purpose a status conference is hereby set for April 20, 1995, at 10:00 a.m. on Warren Jr.'s Motion to Dismiss. In the event that Warren Jr.'s motion to dismiss is denied, the Court will at that time set a hearing on the requests for relief in the involuntary petition.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Joint Motion to Dismiss Involuntary Petition is **DENIED.** It is further

**ORDERED** that the Motion to Dismiss Involuntary Chapter 7 Petition filed by Warren Jr. is set for a **STATUS CONFERENCE** on the **20th day of April 1995, at 10:00 a.m. in Courtroom #2, Robert S. Vance Building, 1800 5th Ave North, Birmingham, Alabama 35203** and notice thereof is hereby given.