**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARIAN ROBERTSON, PAULA
ACE, BETTY L. ANDERSON,
CLINTON COFFIN, JAMES E.
CRONE, JEFF LITTLEFIELD,
DAVID D. MARTIN, JOLEEN
NORTHRUP, BRUCE E. SNELSON,
VINCE TALTY, GREGORY A.
THIEL, TIMOTHY W. WILLERT,
MARY ANN WOOLDRIDGE, on
behalf of themselves and all others
similarly situated,

     Plaintiffs-Appellees,

GARY WILSON, TRAVIS HODGE,
VICKI NIDA, SCOTT MELLINGER,

     Plaintiffs-Intervenors-
     Appellees,

v.

MORGAN COUNTY, BOARD OF
COUNTY COMMISSIONERS,

     Defendant-Appellant.

No. 97-1469

(D.C. No. 96-B-629)
(District of Colorado)

## ORDER AND JUDGMENT[*]

Before **HENRY**, **BRISCOE** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument. 10th Cir. R. 34.1(G).

This is an appeal from an order of the district court denying the defendant's motion to dismiss the plaintiffs' Fair Labor Standards Act (FLSA) action for lack of subject matter jurisdiction under the Eleventh Amendment and *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). The defendant also contends on appeal that under *Printz v. United States*, 117 S.Ct. 2365 (1997), it is not subject to the requirements of the FLSA. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

The plaintiffs are present and former Morgan County employees working in the Sheriff's Office as patrol officers, investigators and jail officers and in the Communications Center as dispatchers. They filed this action against the Board of County Commissioners of Morgan County under the FLSA, contending that the Board violated the statute by: 1) failing to pay employees compensation for all hours worked; 2) failing to pay required overtime; 3) substituting compensatory time for overtime pay; and 4) calculating improperly or refusing to pay "on call" and "waiting time" hours. Morgan County is a political subdivision of Colorado.

The Board moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure for state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Board argued that under *Seminole* it is entitled to Eleventh Amendment immunity. In a supplement to the motion, filed after the oral argument on the motion, the Board contended that the case should be dismissed pursuant to the Tenth Amendment, citing to *Printz*. The district court did not address the Tenth Amendment issue and denied the motion to dismiss based on the Eleventh Amendment. The Board appeals.

# APPELLATE JURISDICTION

The plaintiffs filed a motion to dismiss this appeal, contending that because the Board is not entitled to Eleventh Amendment immunity it may not file an interlocutory appeal. The motion is without merit.

An order denying Eleventh Amendment immunity is immediately appealable. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993)("States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."); *Sonnenfeld v. City & County of Denver*, 110 F.3d 744, 746 (10th Cir. 1996), *cert. denied*, 117 S.Ct. 1819 (1997)(denial of Eleventh Amendment immunity to the City and County of Denver immediately appealable).

We also conclude that there is jurisdiction over the Tenth Amendment issue under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Under *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. *Digital Equipment Corp v. Desktop Direct, Inc.*, 511 U.S. 863, 867-68 (1994); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). A party seeking to appeal under *Cohen* must meet all three requirements. *Digital Equipment*, *supra*.

The order here meets those criteria. Denial of a State's Tenth Amendment

claim purports to be a conclusive determination that the state may be regulated by the federal government. The decision also involves the rejection of a claim to a fundamental constitutional protection whose resolution generally will have no bearing on the merits of the underlying action. *Puerto Rico Aqueduct*, 506 U.S. at 145. Finally, to subject a state entity claiming that it is immune from being forced to perform a federally mandated duty under the Tenth Amendment to litigation is analogous to the right protected in *Puerto Rico Aqueduct*.

> While the application of the collateral order doctrine ... is justified in part by a concern that States not be unduly burdened by litigation its ultimate justification is the importance of ensuring that the States' dignitary interests can be fully vindicated.

*Id*. at 146.

## DISCUSSION

### 1. Eleventh Amendment

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. 11. Although the express language of the Amendment encompasses only suits brought against a state by citizens of another state, it has

been long settled that the Amendment also bars suit against a state by its own citizens. *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988).

*Seminole Tribe* held that Congress may abrogate state sovereign immunity only where it has "'unequivocally expressed its intent to abrogate ... immunity;' and [where] Congress has 'acted pursuant to a valid exercise of power.'" *Hurd v. Pittsburg State University*, 109 F.3d 1540, 1542 (10th Cir. 1997)(quoting *Seminole Tribe*, 116 S.Ct. at 1123). *Seminole Tribe* further held that the interstate commerce clause does not provide Congress with the authority to abrogate a State's Eleventh Amendment immunity, but that the Fourteenth Amendment remains a valid source of such authority. 116 S.Ct. at 1128.

In *Aaron v. State of Kansas*, 115 F.3d 813 (10th Cir. 1997), this court held that Congress did not act pursuant to a valid exercise of federal power when it purported to abrogate the States' sovereign immunity with regard to wage and overtime claims brought under the FLSA and that, accordingly, federal courts do not have subject matter jurisdiction over such claims against a State.

The Board argues that as a political subdivision of the State of Colorado it is entitled to share in Colorado's Eleventh Amendment immunity. We disagree.

As a general rule, counties and political subdivisions of states are not entitled to Eleventh Amendment immunity. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979)(noting that the Court has

"consistently refused to construe the Amendment to afford political protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power'."); *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977)("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, *but does not extend to counties* and similar municipal corporations.")(internal citations omitted; emphasis added); *Elam Construction, Inc. v. Regional Transportation District*, 129 F.3d 1343, 1345 (10th Cir. 1997)(Eleventh Amendment immunity extends to entities created by state governments which operate as their alter egos or instrumentalities; it "does not ... extend to political subdivisions of the state, such as counties or municipalities."), *cert. denied*, 118 S.Ct. 1363 (1998); *Mascheroni v. Board of Regents of the University of California*, 28 F.3d 1554, 1559 (10th Cir. 1994) (same); *Meade v. Grubbs*, 841 F.2d at 1529 n. 17 (10th Cir. 1988)("Eleventh Amendment immunity extends only to state officials, and does not protect county or local officials."). *See also Printz v. United States*, 117 S.Ct. at 2382 n. 15(the "distinction in our Eleventh Amendment jurisprudence between States and municipalities is of no relevance" to a Tenth Amendment issue; "[w]e long ago made clear that the distinction is peculiar to the question of whether a governmental entity is entitled to Eleventh Amendment sovereign immunity.").

We reject the Board's suggestion that this has been changed by *Seminole Tribe*. There is nothing in *Seminole Tribe* which changes the general rule that counties are not entitled to Eleventh Amendment immunity. In fact, in *Auer v. Robbins*, 117 S.Ct. 905 (1997), decided after *Seminole Tribe*, the Court determined that the St. Louis Board of Police Commissioners does not share the immunity of the state of Missouri, even though the governor appoints four of the five members, where the state is not responsible for the Board's financial liabilities and the Board is not subject to the state's direction or control in any other respect. *Id*. at 117 S.Ct. 908 n. 1.

The Board also argues that it is entitled to immunity because it is an "arm-of-the-state." "Under the arm-of-the-state- doctrine, [Eleventh Amendment] immunity extends to entities created by state governments which operate as their alter egos or instrumentalities." *Elam Construction*, 129 F.3d at 1345. Whether an entity is an arm of the state is determined by examining the powers, nature and characteristics of the agency under state law. *Meade v. Grubbs*, 841 F.2d at 1525. The specific factors to be reviewed include: 1) the characterization of the entity under state law; 2) the guidance and control exercised by the state; 3) the degree of state funding received by the entity; and 4) whether the entity may levy taxes or issue bonds. *Sonnenfeld v. City and County of Denver*, 100 F.3d at 749. "Historically, the most important consideration is whether a judgment against the

entity would be paid from the state treasury." *Elam Construction*, 129 F.3d at 1345.

The district court reviewed these factors and concluded that the Board is not an arm of the state for Eleventh Amendment purposes. The Board argues that under Colorado law counties are "constituent parts of the state government subject to the plenary control of the Governor and the Colorado General Assembly." Even so, a county is not considered an arm of the state for Eleventh Amendment immunity purposes. *See Wigger v. McKee*, 809 P.2d 999, 1003 (Colo. App. 1990)(holding that a county is not an arm of the state for purposes of the Eleventh Amendment).

The Board argues that this court is not bound by the opinions of intermediate state appellate courts. While that might be true, it is also true that such decisions are "persuasive" of how the state's highest court would rule, *Occusafe, Inc. v. EG & G Rocky Flats, Inc.*, 54 F.3d 618, 622 n. 1 (10th Cir. 1995)(quoting *Perlmutter v. United States Gypsum Co.*, 4 F.3d 864, 869 n. 2 (10th Cir. 1993)). None of the Colorado Supreme Court cases cited by the Board convinces us that *Wigger* is not persuasive authority.

Even though political subdivisions such as counties exist solely at the whim and behest of their State, they still do not enjoy Eleventh Amendment immunity. *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994).

## 2. Tenth Amendment

The Board argues that under *Printz* it is entitled to immunity from the FLSA under the Tenth Amendment. This argument was not addressed by the district court, although it was raised by the Board in a supplemental authority.

Although as a general rule, this court will not consider issues not passed on below, *R. Eric Peterson Construction Co. v. Quintek, Inc. (In re R. Eric Peterson Construction Co.)*, 951 F.2d 1175, 1182 (10th Cir. 1991), it is appropriate for this court to consider the matter here. The issue is purely a matter of law, concerns jurisdiction, and implicates a matter of sovereign immunity. *See Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997)(this court "will consider matters not raised or argued in the trial court only in the most unusual circumstances, which may include issues regarding jurisdiction and sovereign immunity, instances where public interest is implicated, or where manifest injustice would result.")(quotation omitted). Accordingly, we will address the issue.

To the extent the Constitution does not divest the States of certain powers, they retain them. Thus the Tenth Amendment "'states but a truism that all is retained which has not been surrendered.'" *Oklahoma v. United States*, ___ F.3d ___ (10th Cir. Dec. 3, 1998), 1998 WL 833627 at *3 (quoting *United States v. Darby*, 312 U.S. 100, 124 (1941)). Unlike the Eleventh Amendment, the Tenth

-10-

Amendment applies to the political subdivisions of the States. *Printz v. United States,* 117 S.Ct. at 2382 n. 15.

The Supreme Court has "noted a logical distinction between generally applicable laws, which incidentally apply to states, and laws compelling States to legislate or regulate in accordance with federal law." *Oklahoma v. United States* at *6 (citing *Printz* and *New York v. United States*, 505 U.S. 144 (1992)). Generally applicable laws, such as the FLSA, do not violate the Tenth Amendment. *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985)(holding that the application of the FLSA to state and local governments is constitutional because it is a generally applicable law).

However, laws which require the states to regulate, *see New York v. United States*, or force the participation of a state's executive officers in the actual administration of a federal program, *see Printz*, violate the Tenth Amendment.

In *New York* the Court reviewed the constitutionality of the provisions of the Low-Level Radioactive Waste Policy Amendments Act of 1985 which required state legislatures either to enact laws regulating the disposal of low level nuclear waste produced within their borders or to take title to the waste. Failure to choose either alternative resulted in the state becoming liable for all damages waste generators suffered as a result of the state's inaction. "No matter how powerful the federal interest involved, the Constitution simply does not give

-11-

Congress the authority to require the States to regulate." *New York*, 505 U.S. at 178.

In *Printz* the Court reviewed the Brady Handgun Violence Prevention Act which regulated the sale of handguns. The Court invalidated certain interim provisions which required state and local law enforcement officers to conduct background checks on prospective handgun purchasers and to perform certain other related tasks. The Court held that the forced participation of a state's executive officers in the actual administration of a federal program, albeit temporarily, was unconstitutional. The Court stated:

> We held in *New York* that Congress cannot compel the States to enact or enforce a federal regulatory program. Today we hold that Congress cannot circumvent that prohibition by conscripting the State's officers directly. The Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program. It matters not whether policymaking is involved, and no case-by-case weighing of the burdens or benefits is necessary; such commands are fundamentally incompatible with our constitutional system of dual sovereignty.

117 S.Ct. at 2384.

The Board contends that under *Printz*, the FLSA invades the States' status as separate and distinct sovereign entities and that *Printz* fundamentally alters the determination made in *Garcia* that the Tenth Amendment precludes application of

the FLSA to public entities. These arguments are without merit.

In *Oklahoma v. United States*, *supra*, this court held that the Driver's Privacy Protection Act of 1994 which restricts the ability of third parties to obtain personal information about individuals identified in the records of state motor vehicle departments, does not violate the Tenth Amendment. In rejecting the argument that under *New York* and *Printz* Congress may only subject state governments to generally applicable law, the court noted the Supreme Court still recognizes the distinction between application of generally applicable laws to the states and laws compelling the States to legislate or regulate in accordance with a federal mandate.

> To be sure, the Supreme Court has noted a logical distinction between generally applicable laws, which incidentally apply to states, and laws compelling States to legislate or regulate in accordance with federal law. Oppressive federal regulation that 'commandeers' a state's sovereign functions is less likely to arise where the law is aimed at both private and public entities. This is so because generally applicable laws are not aimed at uniquely governmental functions. Moreover, laws affecting both private and public interests are subject to stricter political monitoring by the private sector.

1998 WL 833627, at *6 (citing to *Printz* and *New York*).

The Fourth Circuit rejected arguments similar to those presented by the Board here in *West v. Anne Arundel County*, 137 F.3d 752 (4th Cir. 1997), *cert. denied*, ___ U.S. ___, No. 98-266 (Dec. 7. 1998). The court held that under

-13-

*Garcia*, the FLSA may constitutionally be applied to a county and that *Printz* did not change that result. The court concluded that *Garcia* was specifically on point and that "any decision to revisit *Garcia* is not ours to make." *Id*. at 760. The court also noted that in *Auer v. Robbins*, *supra*, a case decided in the same term as *Printz*, the Supreme Court did not move to reconsider *Garcia* and enforced the FLSA against a local government agency.

As indicated in *West*, it would be inappropriate for this court to conclude that *Garcia* has been overruled by *Printz*. *Agostini v. Felton*, 117 S.Ct. 1997, 2017 (1997)(reaffirming that "'if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which controls, leaving to this Court the prerogative of overruling its own decisions.'")(quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989))).

**CONCLUSION**

Accordingly, the plaintiffs' motion to dismiss is **DENIED** and the district court order is **AFFIRMED**.

-14-

ENTERED FOR THE COURT


PER CURIAM