**In re James LEE, Debtor.**

**No. 99–9694–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

June 27, 2000.

Richard J. Hollander, Miller & Hollander, Naples, FL, for debtor.

Thomas S. Heidkamp, Leisure & Heidkamp, Fort Myers, FL, for petitioning creditors.

### ORDER ON MOTION FOR ATTORNEYS FEES, COSTS AND DAMAGES

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this involuntary Chapter 7 case is a Motion

for Attorneys Fees, Costs and Damages filed by the law firm of Miller and Hollander, filed pursuant to § 303(i)(1), (A) & (B) and § 303(i)(2)(A) & (B). Movant seeks sanctions against the initial petitioning creditor, Crossroads Real Estate, Inc. (Crossroads), and petitioning creditor, William R. Seach (Seach).

The record reveals that on January 14, 2000, this Court entered an order and determined that the Debtor, James Lee, is indebted to more than 12 creditors and, therefore, even though Seach joined in the Petition, there was an insufficient number of petitioning creditors. This Court, therefore, dismissed the Involuntary Petition.

■ The Motion is based on the contention of the Debtor that at the time the involuntary was filed, Crossroads and Seach knew or had reason to believe that the Debtor had more than 12 creditors; that the Petition was filed as a deliberate attempt to cause personal and business financial damage to the Debtor. Movant seeks compensation in the total amount of $22,520 and reimbursement of expenses totaling $930. As noted, the Motion is filed pursuant to 11 U.S.C. § 303(i). The award of fees, costs and damages is contingent in every case on three prerequisites: (1) the court must have dismissed the petition; (2) the dismissal must be other than a consent by all petitioners and the debtor; (3) the debtor did not waive its right to recovery under the statute. *In re R. Eric Peterson Const. Co., Inc.,* 951 F.2d 1175 (10th Cir.Utah 1991). Although it is generally recognized that an award of fees and costs is within the court's discretion, *In re Fox Island Square Partnership,* 106 B.R. 962 (Bankr.N.D.Ill.1989), some courts have held that an award of costs and fees is generally appropriate in all cases where the debtor successfully defends against an involuntary petition. *In re K.P. Enterprise,* 135 B.R. 174 (Bankr.D.Me.1992). The award of fees and costs, according to some courts, becomes a rebuttable presumption. Others, however, have held that the burden shifts to the petitioning

creditors once an involuntary case is dismissed and they must prove that an award of fees and costs is inappropriate. *In re Ross,* 135 B.R. 230 (Bankr.E.D.Pa.1991).

■ In the present instance, this Court is satisfied that an award of attorneys fees and costs is appropriate based on the fact that the petitioning creditors had a duty to ascertain whether or not this Debtor had less or more than twelve creditors. However, the amount of the fee award sought in this Court's opinion is excessive. The case presented no esoteric, novel legal questions. Yet, the attorney claimed to have spent 34 hours on legal research. In addition, the attorney charged a total of $2,400 for travel and billed at the regular hourly rate, which is clearly inappropriate. Considering the schedule submitted by the attorney, this Court is satisfied that the reasonable compensation for attorneys fees in this instance is $17,550 and the attorney is also entitled to a cost reimbursement in the amount of $930.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Attorneys Fees, Costs and Damages be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Miller and Hollander be, and the same is hereby, awarded a reasonable compensation of $17,550 and reimbursement of costs in the amount of $930 for a total award of $18,480. It is further

ORDERED, ADJUDGED AND DECREED that Petitioning Creditor, Crossroads and Seach are hereby directed to pay the amount of $18,480.00 to Miller and Hollander within thirty days from the date of the entry of this Order. Upon the failure of Crossroads and Seach to comply with the directives of this Court, Miller and Hollander may file a motion for the entry of a money judgment against Crossroads and Seach.