**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HOLLI LUNDAHL, as Assignee of
the claims of Donald Johnson and
Merrie Ling,

       Plaintiff - Appellant,

v.

PUBLIC STORAGE
MANAGEMENT, INC., also known
as Public Storage, Inc.; RICHARD
KELLEY-VANHELDEN; NORMA
JUNE KELLEY-VANHELDEN;
WALNUT VALLEY AUTO BODY
AND TOWING; CNA INSURANCE;
ELI LILLY; GUIDANT
CORPORATION, also known as
Advanced Cardiovascular Systems;
MERRELIN BLAND; JOYCE
JOHNSON; PATRICIA WAYMAN;
BEVERLY GILSDORF; CONNIE
HARRISON; THOMAS BRUNNER;
JOHN LEAHY; BRAD REDMAN;
RICHARD STRAIN; MARSHA
WHITLEY; DEB MCDANIELS;
COUNTY OF RIVERSIDE; KAREN
KADYK; MICHAEL STOCK;
COUNTY OF RIVERSIDE
SHERIFF'S OFFICE; HARPER,
Deputy Sheriff; RIVERSIDE
COUNTY DISTRICT ATTORNEY'S
OFFICE; PACIFIC LIFE
INSURANCE; EVE CHAPLIN;
ROBERT J. TIMLIN,

       Defendants - Appellees.

No. 02-4085
(D.C. No. 01-CV-752-S)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Holli Lundahl appeals the judgment of the district court dismissing her claims on the basis of improper venue. Because the district court applied an incorrect legal standard in dismissing this matter, we reverse and remand for further proceedings.

This case began life as a suit in the Fourth District Court in the state of Utah styled as an "Independent Action Under Utah Rules of Civil Procedure, Rule 60(b)." Plaintiff's complaint requested that the Utah court declare void certain judgments of the United States District Court for the Central District of California which had been rendered against plaintiff. The Utah court dismissed the claims

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

against defendant Public Storage Management, Inc., for want of jurisdiction and later ordered the court clerk to serve the complaint on defendant Eli Lilly & Co. (Lilly) after finding "several suspicious items" in the court files relative to plaintiff's purported service of the complaint on Lilly. Aplee. App. at 15-16. Upon receipt of the complaint, Lilly promptly removed the case to federal court on both diversity and federal question grounds.

In this appeal, plaintiff argues that neither ground supports the district court's subject matter jurisdiction. We disagree. "When an independent action is brought in state court to seek relief from a federal judgment it may be removed to federal court on the basis of federal question jurisdiction." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 336 (10th Cir. 1982) (Seth, J., dissenting); *see also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976). This case was thus properly removed to federal court.[1]

Once in federal court, Lilly moved to dismiss for improper venue or, in the alternative, to transfer to the federal district court for the Central District of California, a more convenient forum. In making its case to the district court, Lilly improperly relied on 28 U.S.C. § 1391(b). Not realizing this error, the district court agreed that venue was improper and dismissed plaintiff's claims.

---

[1] Our resolution of this matter makes it unnecessary for us to address the issue of diversity jurisdiction, or to address plaintiff's seemingly contradictory argument that the federal civil rights statutes also support federal jurisdiction.

While preparing to oppose plaintiff's brief for purposes of this appeal, Lilly for the first time realized that removal venue is controlled by 28 U.S.C. § 1441(a) which provides that cases may be removed to "the district court of the United States for the district and division embracing the place where such action is pending." Thus, the dismissal based on § 1391(b) was improvidently granted, and venue in the federal district court for the district of Utah is proper. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953).

Because the district court dismissed this case on procedural grounds, it did not reach the merits of plaintiff's substantive claims, including any claims against Public Storage Management. We, therefore, will not consider these issues for the first time on appeal because they were not ruled on by the district court. *See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.),* 951 F.2d 1175, 1182 (10th Cir. 1991).

The judgment of the United States District Court for the District of Utah is REVERSED, and this case is REMANDED for further proceedings including consideration by the court of Lilly's motion to transfer on grounds of inconvenient forum.

Entered for the Court

Monroe G. McKay
Circuit Judge