**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NATIONAL BUSINESS BROKERS,
LTD., a Colorado limited partnership,

      Plaintiff-Appellee/
      Cross-Appellant,

v.

JIM WILLIAMSON, an individual;
JIM WILLIAMSON PRODUCTIONS,
INC., a Louisiana corporation,

      Defendants,

    and

KEVIN BRILEY, an individual;
MARGORIE BRILEY, an individual,

      Defendants-Appellants/
      Cross-Appellees.

Nos. 02-1175 & 02-1181
(D.C. No. 00-WY-419-CB (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

As the parties are familiar with the facts of this appeal, we will refer to them only as necessary to explain our decision. In summary, plaintiff, a Colorado limited partnership, is a business broker who brings buyers and sellers of businesses together. In 1998, plaintiff entered into a listing contract with a third party, Jim Williamson, to sell a business owned by Williamson in return for an eight per cent commission. After the 1998 contract expired, plaintiff and Williamson did not execute a new written contract.

Kevin and Margorie Briley eventually bought the Williamson business after signing a nondisclosure agreement with plaintiff. The nondisclosure agreement provided that plaintiff would introduce the Brileys to Williamson and conduct all negotiations for the sale of the business. The Brileys agreed to indemnify both the plaintiff and Williamson for any loss or damage suffered by either or both as a result of any breach by the Brileys.

In December 1999, Williamson sold his business to the Brileys. Plaintiff was not paid a commission and eventually sued Williamson, a resident of Louisiana, his company, Jim Williamson Productions, Inc., a Louisiana

corporation, and the Brileys in the federal district court in Colorado. Williamson's motion to dismiss for lack of personal jurisdiction made on behalf of himself and his corporation was granted by the district court and affirmed by this court. After the subsequent bench trial, the district court ruled that the Brileys had breached the nondisclosure agreement with plaintiff, but that plaintiff had failed to prove its tortious interference claim. The trial court entered judgment in favor of plaintiff in the amount of $96,000. The Brileys appeal that judgment, and plaintiff cross-appeals, arguing that the district court erred in failing to award prejudgment interest and also erred in denying the claim for tortious interference.

In their opening brief, the Brileys argue solely that Louisiana law should have controlled this case and that, under Louisiana law, there was no valid contract between plaintiff and Williamson, thus negating any basis for an award of damages against the Brileys. We have thoroughly reviewed the record in this case and find no evidence that this choice of law argument was ever presented to the district court. Nor have the Brileys complied with 10th Cir. R. 28.2(C)(2) requiring parties to an appeal to cite to the precise reference in the record where an issue was raised and ruled upon. As a general matter, this court will not consider an issue that was not raised in the district court. *Walker v. Mather (In re Walker)* , 959 F.2d 894, 896 (10th Cir. 1992).

To avoid this result, the Brileys argue in their reply brief that establishing the existence of a contract between plaintiff and Williamson was one of the elements of plaintiff's breach of contract claim and was fully litigated by the parties. This, however, is a far cry from raising a choice of law issue before the district court. This court will not consider a new theory on appeal, even one "that falls under the same general category as an argument presented at trial or . . . a theory that was discussed in a vague and ambiguous way" at trial. *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.) (quotation omitted), *amended on other grounds in* 103 F.3d 80 (10th Cir. 1996). "[T]o preserve the integrity of the appellate structure, we should not be considered a second shot forum . . . where secondary, back-up theories may be mounted for the first time." *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (quotation omitted). Because the choice of law argument is the Brileys' only basis for reversal and is raised too late, we affirm the judgment of the district court on the breach of contract claim.[1]

In its cross-appeal, plaintiff points out that the district court failed to address the claim for prejudgment interest, a matter reserved for the discretion of the trial court, *see Atlantic Richfield Co. v. Farm Credit Bank of Wichita,*

---

[1] As plaintiff acknowledges, this disposition makes it unnecessary for us to address plaintiff's tortious interference argument.

226 F.3d 1138, 1156 (10th Cir. 2000). [2] Because this issue was raised but not ruled on by the district court, this case will be remanded to that court to first address the issue. *See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.)* , 951 F.2d 1175, 1182 (10th Cir. 1991).

The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, and this case is remanded for further proceedings in accordance with this order and judgment.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[2] The Brileys argue, without support, that plaintiff has waived this claim because it neglected to ask for prejudgment interest in a post-trial motion. The fact that plaintiff's claim for prejudgment interest was included in the complaint, the pre-trial order, and in plaintiff's opening and closing statements is sufficient to avoid waiver.