**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD S. KARAM,

     Plaintiff-Appellant,

v.

RONALD L. MEISSNER; CAROL
MEISSNER, also known as Linda C.
Meissner; OXFORD MATERIALS
CORP.; JEFFERSON SUITES, INC.,

     Defendants-Appellees.

No. 03-6180
(D.C. No. 02-CV-1200-F)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.


Richard S. Karam brought suit in Oklahoma district court against Ronald L.

Meissner, his partner in the Frog Leap Partnership, and individual named

defendants (collectively, "Appellees"), setting out a common law accounting

---

* This order and judgment is unanimously submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

claim and a claim pursuant to the Racketeer Influenced and Corrupt Organization Act ("RICO"). Appellees moved to dismiss the complaint, contending that (1) the Frog Leap Partnership was an indispensable party whose joinder would destroy diversity jurisdiction on the accounting claim and (2) Karam had failed to state a claim under RICO because his allegations were insufficient to show an enterprise, a pattern of activity, or a consequent injury. Alternatively, appellees sought a stay pending resolution of a suit against Karam in Texas. Agreeing that Frog Leap was an indispensable and non-diverse party, the district court granted appellees' motion to dismiss. In so doing, the court stated: "This action is hereby DISMISSED without prejudice. There is no need for the court to reach defendants' RICO argument or their alternative request for a stay." Karam v. Meissner , No. CIV-02-1200-F, at 7 (W.D. Okla. filed May 30, 2003). Exercising jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, we review the district court's dismissal de novo, see Colo. Envtl. Coalition v. Wenker , 353 F.3d 1221, 1227 (10th Cir. 2004), and we **REVERSE** and **REMAND** .

Karam contends that the district court erred because, even if Frog Leap were joined and diversity among the parties destroyed, an independent basis for federal jurisdiction exists as to his RICO claim—specifically, federal question jurisdiction under 28 U.S.C. § 1331. He further argues that, having concluded that Frog Leap was an indispensable party, the district court should have

-2-

considered whether to exercise supplemental jurisdiction over the accounting claim. We agree. The district court's failure to rule on Karam's RICO claim is unexplained and, contrary to its ruling, is not supported by its dismissal of the accounting claim.

Accordingly, the judgment of the district court is **REVERSED**, and this case is **REMANDED** for further proceedings on Karam's RICO claim. We note that appellees contend that the RICO claim is peripheral and should have been brought as a counterclaim in the Texas litigation against Karam. However, because the district court did not rule on appellees' request to stay this case, we will not consider the issue for the first time on appeal. See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir. 1991). In addition, Karam has requested leave to amend his RICO claim should his allegations be found insufficiently detailed. (R., doc. 14 at 6.) See Yapp v. Excel Corp., 186 F.3d 1222, 1230 (10th Cir. 1999) (stating that a motion to amend should be freely granted if justice requires). If the RICO claim survives appellees' motion to dismiss, the district court should consider whether to exercise supplemental jurisdiction over the accounting claim. See Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 987 n.7 (10th Cir. 2002). We need not reach the parties' arguments about whether Frog Leap is an indispensable party; that ruling may be appealed together with any other final

ruling of the district court on Karam's RICO claim.     See McBride v. Citgo Pet. Corp. , 281 F.3d 1099, 1104 (10th Cir. 2002) (stating order dismissing fewer than all claims was interlocutory, and would merge into final judgment).

Entered for the Court

Carlos F. Lucero
Circuit Judge