**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD ALTON HARPER,

        Plaintiff-Appellant,

v.

P. URBANO, P.A.; NORMAN S.
ROSENTHAL, M.D.,

        Defendants-Appellees.

No. 08-1342
(D.C. No. 1:07-cv-00750-REB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

Donald Alton Harper appeals the dismissal of his pro se prisoner suit in

which he alleged Eighth Amendment violations stemming from an injury

sustained while working at his prison job. According to the amended complaint,

Mr. Harper fractured his ankle when he slipped and fell in the prison's kitchen

warehouse. He alleged that prison officials failed to properly treat him in a

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

timely manner and claims to now suffer permanent impairment to his ankle due to defendants' deliberate indifference and negligence in treating his injury.

Construing the allegations as a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the district court initially dismissed several defendants who are not parties to this appeal. The court then referred the matter to a magistrate judge, who recommended that the claim against the remaining defendants (appellees), be dismissed. Adopting the magistrate judge's report and recommendation, the district court held that it lacked jurisdiction over Mr. Harper's *Bivens* claim because the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4), provides the exclusive remedy for prisoners injured on the job and thus barred Mr. Harper's *Bivens* claim.[1]

Following the district court's dismissal, we held in *Smith v. United States*, 561 F.3d 1090, 1103 (10th Cir. 2009), that the IACA does not bar an inmate's

---

[1]    18 U.S.C. § 4126(c)(4) provides:

[Federal Prison Industries], in accordance with the laws generally applicable to the expenditures of the several departments, agencies, and establishments of the Government, is authorized to employ the [Prison Industries Fund], and any earnings that may accrue to the corporation . . . in paying . . . compensation to inmates employed in any industry, or performing outstanding services in institutional operations, and compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.

*Bivens* claim.  We explained that the IACA "does not explicitly foreclose the

*Bivens* remedy, there is very little deterrent effect for constitutional harms within

the [IACA], and there is no alternative forum where the alleged constitutional

violation could be addressed." *Id.*  On appeal, appellees recognize that *Smith*

governs our analysis and that the district court's basis for dismissing Mr. Harper's

claim cannot be upheld.  Nevertheless, they urge us to affirm the district court on

the alternate ground that Mr. Harper failed to establish a valid Eighth Amendment

claim.  They assert he has failed to allege facts sufficient to show that they knew

of and disregarded an excessive risk to his health.  *See Farmer v. Brennan*,

511 U.S. 825, 837 (1994).

We review the district court's dismissal for lack of subject matter

jurisdiction de novo and its findings of jurisdictional fact for clear error.[2]  *Butler*

---

[2]    Although the district court dismissed Mr. Harper's prisoner complaint
under Rule 12(b)(1) for lack of subject matter jurisdiction, this was error.  In a
footnote in Smith, we stated:

> Defendants contended that whether a Bivens remedy was
> available to Smith was a matter of subject matter
> jurisdiction, and the district court apparently agreed.  As
> we have previously stated, however, whether a court
> should imply a Bivens remedy is not a question of subject
> matter jurisdiction.  Peoples v. CCA Det. Ctrs., 422 F.3d
> 1090, 1096 (10th Cir. 2005), vacated in part on other
> grounds on reh'g en banc, 449 F.3d 1097 (10th Cir. 2006).
> "In fact, there is no power to imply a Bivens cause of
> action unless a court has *first* satisfied itself that
> jurisdiction exists."  Id.  Thus, the district court had
> jurisdiction pursuant to 28 U.S.C. § 1331 to consider

(continued...)

*v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 952 (2009). Although we have discretion to affirm the district court on any ground adequately supported by the record, so long as the parties had an opportunity to address that basis, *United States v. Sandia*, 188 F.3d 1215, 1217 (10th Cir. 1999), we think the better approach in this case is to allow the district court to consider Mr. Harper's *Bivens* claim in the first instance. *See Hoiles v. Alioto*, 461 F.3d 1224, 1236 (10th Cir. 2006). The court's purported jurisdictional ruling prevented it from making any findings pertaining to Mr. Harper's factual allegations, and thus remand is appropriate. *See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.)*, 951 F.2d 1175, 1182 (10th Cir. 1991) (invoking the general rule that "a federal appellate court does not consider an issue not passed upon below" (quotation omitted)).

Accordingly, the district court's judgment is REVERSED, and this case is REMANDED for further consideration of Mr. Harper's *Bivens* claim in light of our decision in *Smith*, 561 F.3d at 1103. Mr. Harper's motion to proceed on appeal in forma pauperis is GRANTED, and he is reminded of his continuing obligation to make partial payments towards his filing fee until it is paid in full.

---

[2](...continued)
    Smith's Eighth Amendment claims.

561 F.3d 1090, 1100 n.10 (10th Cir. 2009).

*See* 28 U.S.C. § 1915(b).  Any outstanding requests for relief are DENIED as moot.

Entered for the Court


Mary Beck Briscoe
Circuit Judge