**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 25, 2005**

**TENG CIRCUIT**

**TENTH CIRCUIT**

**Clerk of Court**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LORENZO MONTANA,

Defendant-Appellant.

No. 05-2104
(D.C. No. CV-05-0079 LH/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Lorenzo Montana, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 petition. He argued below and on appeal that his sentence was imposed in violation of the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005), and that his trial counsel rendered ineffective assistance.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We **DENY** Montana's request for a COA on his Booker claim. Because the district court did not rule on Montana's ineffective assistance claim, we **GRANT** a COA on that issue and **REMAND** for the district court to determine whether Montana received ineffective assistance of counsel.

After pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and receiving a two-level enhancement for obstruction of justice, Montana faced a sentencing guidelines range of 77-96 months' imprisonment. The court sentenced him at the high end of the range to 96 months. In his § 2255 petition, Montana attacked imposition of the obstruction of justice enhancement on Booker grounds, and argued that he received ineffective assistance of counsel at the plea stage and at sentencing. The district court dismissed his petition and denied a COA. Montana now seeks a COA from this court, presenting the same arguments that he presented below.[1]

---

[1] Montana's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Montana to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Montana a

(continued...)

Montana seeks to challenge the court's application of an obstruction of justice enhancement, arguing that by increasing his sentence based on judge-found facts, the court violated his Sixth Amendment rights under Booker. We have held, however, that "Booker does not apply retroactively to initial habeas petitions." United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005). Therefore, Montana cannot bring this claim under § 2255.

In addition to his Booker claim, Montana argued in his § 2255 petition that "counsel denied him his sixth amendment right to effective assistance of counsel." Specifically, Montana alleged that "Petitioner's attorney Mr. Charles S. Aspinwall, appointed by the district court, told me not to proceed with the evidentiary hearing, but rather expect to receive 81.5 months at sentencing; nervertheless [sic], I received 96 months . . . ." Liberally construing the pro se petition, see Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002), Montana argued that but for counsel's statement that Montana was likely to receive an 81.5 month sentence, he would not have withdrawn his objections to the pre-sentence report or agreed to plead guilty. Montana further asserted as a basis of ineffective assistance that his counsel failed to investigate the factual allegations surrounding the obstruction of justice enhancement. The district court did not rule on the ineffective assistance

[1](...continued)
COA, he may not appeal the district court's decision absent a grant of COA by this court.

claim, but instead dismissed Montana's § 2255 petition after concluding that Booker claims may not be raised in collateral proceedings.

In his application below for a COA, Montana elaborated on his ineffective assistance of counsel claim, alleging that he "was coerced to withdraw his objections to the PSR . . . when [Montana's] attorney Mr. Charles Aspinwall, told [Montana] that he would be sentenced to the maximum of 96 months if Movant did not withdraw from his objections [but if he did withdraw] Movant would typically be sentenced in the middle of the USSG which would mean 81.5 months." Montana attached to his application for COA below a letter from his trial counsel, which states that by pleading guilty, Montana would receive a three-point reduction for acceptance of responsibility, which "lowers your incarceration exposure range to 77-96 months. Judges typically sentence in the middle of the USSG, which would mean 81.5 months in your case."[2] The application for COA also alleges ineffective assistance "because counsel failed to perform any pretrial investigation into the PSR, which resulted in the 2 levels of increase . . . ." In denying a COA, the district court once again did not discuss Montana's ineffective

_____

[2] Although Montana does not assert this as an example of ineffectiveness, it has not escaped our attention that counsel's simple calculation is incorrect. The mid-point of a 77-96 month range is 86.5 not 81.5 months. Given Montana's allegation that counsel's representation of a likely sentence persuaded him to withdraw his objection to the PSR and to plead guilty, counsel's innumeracy is troubling.

4

assistance of counsel argument, but merely stated that "Montana failed to make a substantial showing of denial of a constitutional right."

When ruling on an application for a COA, we do not decide the merits of a constitutional claim, but rather determine whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner . . . ." Slack, 529 U.S. at 484. Given Montana's clearly-stated allegations of ineffective assistance, his petition should have been resolved with discussion and disposition of his ineffective assistance of counsel claim.

We have held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Our jurisprudence establishes § 2255 petitions as the favored avenue of relief for federal prisoners asserting ineffective assistance of counsel claims. United States v. Boigegrain, 155 F.3d 1181, 1186 (10th Cir. 1998) ("Normally, we require criminal defendants alleging ineffective assistance of counsel to obtain a ruling by a district court on their argument by way of a motion pursuant to 28 U.S.C. § 2255."). Therefore, when raised in a § 2255 petition, an ineffective assistance of counsel claim deserves the district court's careful attention. At the very least, it merits factfinding and a ruling. The court's failure to rule on Montana's claim of

5

ineffective assistance of counsel justifies granting him a COA on that issue.

Where an issue has been raised below, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially. See, e.g., Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); In re R. Eric Peterson Constr. Co., Inc., 951 F.2d 1175, 1182 (10th Cir. 1991) ("The district court never reached this issue . . . . We therefore remand this issue to the district court"). Fact-intensive issues such as ineffective assistance of counsel particularly require initial disposition by the district court. See Massaro v. United States, 538 U.S. 500, 505 (2003) ("Under the rule we adopt today, ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation"). As the Supreme Court explained, when presenting ineffective assistance of counsel claims to the district court in a § 2255 proceeding, "the defendant has a full opportunity to prove facts establishing ineffectiveness of counsel, the government has a full opportunity to present evidence to the contrary, the district court hears spoken words we can see only in print and sees expressions we will never see, and a factual record bearing precisely on the issue is created." Id. (quotation omitted). For these reasons, we must remand to the district court.

We do not express any opinion on the merits of Montana's ineffective assistance of counsel claim, but merely hold that the district court should have considered it and ruled upon it, and that we will not do so in the first instance. We therefore **GRANT** Montana's application for a COA on his ineffective assistance of counsel claim, **REVERSE** the district court's judgment, and **REMAND** to the district court for proceedings in accordance with this opinion. We **DENY** Montana's application for a COA on his <u>Booker</u> claim and **GRANT** Montana's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge